

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

W. AGGONER CARR
ATTORNEY GENERAL

October 14, 1965

Mr. Henry Wade
District Attorney
Dallas County
Dallas, Texas

Opinion No. C-526

Re: Construction of Article
2922-15, Vernon's Civil
Statutes, relative to
operation of School
Buses.

Dear Mr. Wade:

We quote from your letter requesting an opinion from this office in part as follows:

"'The Dallas County Board of School Trustees does operate a transportation system within Dallas County. These buses are operated for the purpose of transporting eligible pupils to and from their school buildings. When there is no conflict with the regular bus schedule, the buses are operated for field trips necessary for 4-H Club work and for transporting of athletic teams and other organized groups sponsored by schools involving school activities.

'The Dallas County School Office is very pleased to render this service for the children of the various schools, provided it is legal in every sense. We observe the same general policies in rendering this service that we do in transporting pupils from home to school and return.

'(1) First consideration is given to the safety of children. The driver must be capable and the bus must be safe. No insurance is carried on Dallas County school buses or on the children who ride them.

'(2) We get no special permits from city or other authority to travel over the streets and highways.

'(3) We deal only with an authorized of-
ficial of the school district and accept payment
on a cost basis only from the organization for
which this service has been rendered.

'(4) Only school children and school teachers
are eligible to ride at any time.

'Is the above procedure legal in all respects?

'Are the members of the County Board of School
Trustees, individually or collectively, liable
in any way when Dallas County school buses are
operated as indicated above?'"

Section 2 (1), Article 2922-15, Vernon's Civil
Statutes, provides in part as follows:

"Sec. 2. (1) The County Boards of School
Trustees of the several counties of this state,
subject to the approval of the State Commission-
er of Education, are hereby authorized to establish
and operate an economical public school transporta-
tion system within their respective counties. In
establishing and operating such transportation sys-
tems, the County Boards of School Trustees shall:
(1) requisition buses and supplies from the State
Board of Control as provided for in this Article;
(2) prior to June 1st of each year, with said
Commissioner's approval, establish school bus
routes within their respective counties for the
succeeding school year; (3) employ school bus
drivers; and (4) be responsible for the main-
tenance and operation of school buses. State
warrants for transportation shall be made payable
to the County School Transportation Fund in each
county for the total amount of transportation
funds for which the county is eligible under the
provisions of this Act.

"Provided, however, that when requested by
the Board of Trustees of an independent school
district, the County Board of School Trustees
shall authorize such independent district to:
(1) employ its school bus drivers; (2) be
responsible for the maintenance and operation
of its school buses; and (3) receive trans-
portation payments direct from the state. When

the County School Superintendent reports such authorization to the State Commissioner of Education, state warrants for transportation funds for which the district is eligible shall be made to the District Transportation Fund, which is hereby created.

"The County Boards of School Trustees and the State Commissioner of Education shall promulgate regulations in regard to the use of school buses for purposes other than transporting eligible pupils to and from their classes.

" . . ."

The regulations promulgated under the authority of Section 2 (1), by the State Board of Education in regard to the use of school buses for purposes other than transporting eligible pupils to and from their classes is stated as follows:

"'The policy of the State Board of Education with reference to transportation of pupils in the public free schools of Texas in vehicles, the ownership, operation, or maintenance of which involved in whole or in part, funds provided under the Foundation School Program Act, shall be: (a) The use of such vehicles shall be limited to the transportation of children who are enrolled and in bona fide attendance in the public free schools of Texas, teachers, and other personnel employed by the school district; and (b) State funds shall not be provided for transportation to any school district not abiding by the limitations prescribed in this motion.'

"'The use of school buses for extra-curricular activities is definitely a part of the school program. The unit concerned, either the county or the district, shall establish appropriate regulations for the use of buses for all extra-curricular activities. Such regulations are subject to review and approval by the State Commissioner of Education. These regulations should be in written form and available for transportation audits. Extra-curricular expenses are not to be paid from transportation funds.'" (Emphasis supplied).

In addition, the Handbook for Local School Officials. which is sent to all district and county superintendents, contains

Mr. Henry Wade, page 4 (C-526)

the following statement:

"'Extra-curricular school bus use regula-
tions may be considered approved unless evidence
of willful misuse of discretion by local school
officials is brought to the Commissioner's atten-
tion.'"

With regard to the extra-curricular use of school
buses, there is no conflict between those regulations pro-
mulgated by the county superintendent of public instruction
for Dallas County and those regulations promulgated by the
State Board of Education. It is our opinion that neither group
of regulations violates any of the provisions of Article 2922-
15, Vernon's Civil Statutes, and therefore each group is valid.
Consequently, it is our opinion that the operation of Dallas
County school buses in accordance with those regulations pro-
mulgated by the Dallas County Board of School Trustees with
regard to the extra-curricular use of school buses is an au-
thorized use of school buses under the provisions of Article
2922-15, Vernon's Civil Statutes. It is our further opinion
that the members of the County Board of School Trustees, in-
dividually or collectively, are not liable in any way, when
the school buses are operated in accordance with the outlined
procedure.

### S U M M A R Y

The operation of Dallas County school buses
in accordance with those regulations promulgated
by the Dallas County Board of School Trustees with
regard to the extra-curricular use of school buses
is an authorized use of school buses under the pro-
visions of Article 2922-15, Vernon's Civil Statutes.
The members of the County Board of School Trustees,
individually or collectively, are not liable in any
way, when the school buses are operated in accordance
with the outlined procedure.

Very truly yours,

WAGGONER CARR
Attorney General

By: Ivan R. Williams, Jr.
Ivan R. Williams, Jr.
Assistant

IRWjr:ra:mkh

-2480-

Mr. Henry Wade, page 5 (C-526)


APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Pat Bailey
Roy Johnson
Paul Phy
George Gray

APPROVED FOR THE ATTORNEY GENERAL
BY:   T. B. Wright